755 P.2d 412

The STATE of Arizona, Appellee,

v.

Kenneth Wayne CANNON, Appellant.

No. CR–87–0158–PC.

Supreme Court of Arizona,
En Banc.

May 3, 1988.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crane McClennen, Asst. Chief Counsel, Phoenix, for appellee.

John C. Williams, Prescott, for appellant.

## OPINION

LIVERMORE, Court of Appeals Judge.

In 1981, defendant was convicted of first degree murder and sentenced to life imprisonment. We affirmed his conviction on direct appeal. *State v. Cannon,* 133 Ariz. 216, 650 P.2d 1198 (1982). In *State v. Hunter,* 142 Ariz. 88, 688 P.2d 980 (1984), we held that it was fundamental error not to advise the jury specifically that the state must disprove beyond a reasonable doubt that the defendant acted in self-defense. Defendant then sought post-conviction relief and was granted a new trial. Because we believe that the self-defense instructions in this case did not violate *Hunter,* we reverse. Because of this disposition, we need not decide whether such an error could be collaterally attacked or could be treated as harmless error.

The language of the self-defense instruction that *Hunter* found objectionable was the following sentence: "If you decide the defendant's conduct was justified, you must find the defendant not guilty." That sentence, the opinion concluded, created the risk that the jury would believe that the accused had the burden to prove justification. That sentence was not included in the instructions in this case. Rather, the elements of self-defense were stated and the jury was instructed that the prosecution had to prove all of its case beyond a reasonable doubt. The risk at which *Hunter* was directed is simply not present on these facts and, consequently, there was no fundamental error justifying a new trial.

The state argues that *Hunter* should be reversed because the burden of proof on self-defense is in fact on the defendant. That argument starts from the proposition that constitutionally the burden of proof of an affirmative defense may be on the defendant, *Martin v. Ohio,* 480 U.S. 228, 107 S.Ct. 1098, 94 L.Ed.2d 267 (1987), so long as the defense is not inconsistent with an element of the offense as defined by state law. *Hankerson v. North Carolina,* 432 U.S. 233, 97 S.Ct. 2339, 53 L.Ed. 2d 306 (1977). It then proceeds to the

proposition that in defining murder and assault in the old criminal code the legislature required as an element of the offense that the assaultive or homicidal act be "unlawful" and that this element of unlawfulness required the state to disprove self-defense. Finally, the argument goes, in removing the element of unlawfulness from the definition of assault and murder in the new code, and thus the inconsistency between an element of these offenses and the defense of self-defense, the legislature intended to put the burden of proof of the defense on the defendant.

This argument, while clever, is unconvincing. First, the legislature gave no express indication of such an intent, nor, if the burden was to be shifted to the defendant, what the burden was to be. When it does so intend, as in the case of the insanity defense, A.R.S. § 13–502, it has made its intent and the nature of the burden clear. Second, the method by which the state seeks to infer an intent depends upon a body of constitutional law that did not exist at the time the criminal code was being drafted by a special commission or first passed by the legislature. Third, when a change is to be made of a principle of law that has existed since territorial days, we require that legislative intent be clear and not inferred from a labored analysis as likely to mask legislative intent as to explicate it. Finally, the fact that the purported legislative intent was not discovered by the state for over ten years is a fair indication it never existed.

Reversed.

FELDMAN, V.C.J., and CAMERON, HOLOHAN and MOELLER, JJ., concur.

GORDON, C.J., did not participate in this decision; pursuant to Ariz. Const. art. 6, § 3, LIVERMORE, J., Court of Appeals, Division Two, was designated to sit in his stead.