798 P.2d 368

**STATE of Arizona, Appellee,**

v.

**Mario Luciano DUARTE, Appellant.**

**No. CR–89–0330–PR.**

Supreme Court of Arizona,
En Banc.

Sept. 6, 1990.

Robert K. Corbin, Atty. Gen. by Jessica G. Funkhouser, Chief Counsel, Crim. Div., Diane M. Ramsey, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by James L. Edgar, Deputy Public Defender, Phoenix, for appellant.

## OPINION

CORCORAN, Justice.

Following a jury trial, petitioner (defendant) was convicted of manslaughter and aggravated assault, both dangerous class 3 felonies. The trial court sentenced defendant to two *consecutive* 20–year terms of imprisonment. The court of appeals con-

solidated defendant's appeal with his petition for review of the trial court's denial of his petition for post-conviction relief under Rule 32, Arizona Rules of Criminal Procedure, and affirmed the convictions, but remanded the case for resentencing. *State v. Duarte*, 1 CA–CR 10725, memo. dec. at 11 (Ariz.App. Aug. 31, 1989). The grounds for resentencing are not at issue in this review.

We granted review to determine whether the trial court committed fundamental error by not clearly instructing the jury regarding the burden of proving self-defense. This court has jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), and A.R.S. § 12–120.24.

### Facts

Defendant, who lived with his nephew, was at home with a friend on the night of October 18, 1984. During an argument, defendant stabbed the victim, one of three young men who were visiting his nephew. Defendant was arrested in Tucson in May 1986. He was tried in August 1986, and raised self-defense as a justification for the stabbing. *See* rule 15.2(b), Arizona Rules of Criminal Procedure. The trial court instructed the jury on that issue using an instruction substantially identical to one of the State Bar's 1989 Recommended Arizona Jury Instructions (RAJI):

> If you find that the defendant has presented evidence sufficient to raise the issue of self-defense or defense of a third party with respect to the crimes charged, the State must then prove beyond a reasonable doubt that the defendant did not act in self-defense.

> If you decide that the defendant's conduct was justified, you must find the defendant not guilty.

*See* RAJI (Criminal) 4.13 (1989).

Defendant failed to object to the self-defense instruction at trial, but raised it in his consolidated appeal and petition for review of the trial court's denial of his petition for post-conviction relief. The court of appeals concluded that the instructions as a whole correctly informed the jury on the burden

of proving justification. *Duarte*, memo. dec. at 5.

Defendant petitioned for review from that portion of the court of appeals decision, arguing that the trial court failed to adequately delineate defendant's limited burden of proof on the issue of self-defense. Specifically, he maintains that the second paragraph of RAJI 4.13 improperly shifts the burden of proof on the issue of self-defense to the defendant, and constitutes fundamental error requiring reversal of his conviction. *See* A.R.S. § 13–4035; *State v. Hunter*, 142 Ariz. 88, 90, 688 P.2d 980, 982 (1984).

### Discussion

Criminal defendants carry the initial burden of raising self-defense in the minds of the jury as a justification for otherwise unlawful acts. *Everett v. State*, 88 Ariz. 293, 297, 356 P.2d 394, 397 (1960). However, once any evidence of self-defense is presented, the burden is on the state to prove beyond a reasonable doubt that the conduct was unjustified. *Hunter*, 142 Ariz. at 89, 688 P.2d at 981. Evidence of self-defense sufficient to require that the jury be instructed on the issue may be elicited during the state's case, through cross-examination, or by evidence presented by defendant. An instruction on self-defense should be given "if the evidence, circumstantial though it may be, *in the slightest degree* tends to indicate that the [allegedly criminal act] was done in self-defense." *Judd v. State*, 41 Ariz. 176, 193, 16 P.2d 720, 726 (1932), quoted in *Everett*, 88 Ariz. at 297, 356 P.2d at 397 (emphasis added in *Everett*).

In *Hunter*, this court considered a jury instruction identical to that portion of the self-defense instruction challenged in this case. 142 Ariz. at 89, 688 P.2d at 981 ("If you decide the defendant's conduct was justified, you must find the defendant not guilty"). In that case, the trial court gave general instructions to the effect that the state must prove all of its case against the defendant and must prove the defendant guilty beyond a reasonable doubt. We held that the challenged instruction

constituted fundamental error and the error was not rendered harmless by the general instructions, which were located several pages earlier in the court's instructions to the jury. Viewed as a whole, the instructions did not adequately explain the state's burden of proving self-defense. *Hunter*, 142 Ariz. at 90, 688 P.2d at 982.

Despite our holding in *Hunter*, because RAJI 4.13 still contains the challenged wording, trial courts continue to give the challenged instruction and criminal defendants continue to attack their convictions on that basis. *See, e.g., State v. Cannon*, 157 Ariz. 107, 755 P.2d 412 (1988); *State v. Slemmer*, 166 Ariz. 318, 319–320, 802 P.2d 1017, 1018–1019 (App.1990); *State v. Ruelas*, 165 Ariz. 326, 329–330, 798 P.2d 1335, 1338–1339 (App.1990); *State v. Webb*, 164 Ariz. 348, 355–357, 793 P.2d 105, 112–114 (App. 1990); *see also State v. Burt*, 60 Ariz.Adv.Rep. 48 Ariz. (App.1990) (*Hunter* instruction in context of duress defense); *State v. Diaz*, 60 Ariz.Adv.Rep. 71, 72, Ariz. (App.1990) (same). In *Cannon*, the trial court failed to instruct the jury that the state bears the burden of disproving self-defense beyond a reasonable doubt. However, the instructions included a statement that the prosecution must prove all of its case beyond a reasonable doubt. We rejected the defendant's argument that the jury instructions inadequately expressed the burden of proof on the issue of self-defense, distinguishing *Hunter*. *Cannon*, 157 Ariz. at 107, 755 P.2d at 412.

In both *Hunter* and *Cannon*, this court considered the jury instructions as a whole to determine the adequacy of the charge as to burden of proof on the issue of self-defense. *Cannon* upheld instructions that merely informed the jury of the state's general burden to prove all of its case beyond a reasonable doubt, without a specific instruction on the burden of proof as to self-defense. Because the misleading language challenged in *Hunter* was not given in *Cannon*, the trial court did not commit fundamental error by failing to specifically instruct the jury that the state must disprove self-defense beyond a reasonable doubt. *Cannon*, 157 Ariz. at 107, 755 P.2d at 412.

In this case, RAJI 4.13, considered as a whole, clearly informed the jury of the burden of proof in cases involving self-defense. The trial court's instruction stated that evidence must be presented "sufficient to raise the issue of self-defense" before the state is put to the burden of disproving justification beyond a reasonable doubt. Consequently, because the sentence immediately preceding the *Hunter* instruction correctly instructed the jury on the state's burden in disproving self-defense, the instructions, viewed as a whole, did not constitute fundamental error requiring reversal of defendant's conviction. However, we continue to find objectionable the language disapproved in *Hunter* and still contained in RAJI 4.13, that "if you decide the defendant's conduct was justified, you must find the defendant not guilty," and we caution trial courts against continuing to use this phrasing to instruct juries. Instead, trial courts should substitute the following:

> If evidence was presented that raises the issue of self-defense [or some other justification], then the state has the burden of proving beyond a reasonable doubt that the defendant did not act in self-defense. If the state fails to carry this burden, then you must find the defendant not guilty of the charge.

This language reflects the original purpose of the instruction—to inform the jury that acquittal is *mandatory* if the state fails to disprove beyond a reasonable doubt a properly raised issue of self-defense. *See* RAJI (Criminal) 4.13 note 1 (1989).

### Conclusion

The mere presence of the instruction disapproved in *Hunter* does not always render jury instructions on self-defense fatally deficient. Rather, the erroneous instruction must be examined in the context of the instructions as a whole to determine whether the trial court adequately defined the burden of proving self-defense. In this case, the instructions as a whole correctly informed the jury of the burden of proof on

the self-defense issue. Petitioner's conviction is affirmed, and the case is remanded for resentencing in accordance with the court of appeals decision.

. GORDON, C.J., FELDMAN, V.C.J., and CAMERON and MOELLER, JJ., concur.