805 P.2d 386

**STATE of Arizona, Appellee,**

v.

**Curtis Ringo DORMAN, Appellant.**

**No. CR–90–0148–PR.**

Supreme Court of Arizona,
En Banc.

Feb. 5, 1991.

Grant Woods, Atty. Gen. by Paul J. McMurdie and Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

John C. Williams, Prescott, for appellant.

## OPINION

GORDON, Chief Justice.

Curtis Ringo Dorman (defendant) petitioned for review of the court of appeals' memorandum decision affirming his manslaughter conviction. We granted review to consider whether the trial court erred in refusing to give defendant's requested jury instruction on self-defense and the accompanying burden of proof. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), and A.R.S. § 12–120.24.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant met Steve, the victim, while bar-hopping in Phoenix. Steve invited defendant and two other people to his apartment to smoke marijuana. The two others eventually left, leaving Steve and defendant alone in the apartment. Although defendant's statements conflict regarding the events that followed, defendant claims that he stabbed Steve to death when Steve made sexual advances toward him.

Defendant was tried for first degree murder. In his defense, he raised self-defense under A.R.S. §§ 13–404 and 13–405, and justification in using force to prevent the commission of a crime under A.R.S.

§ 13–411. The trial court instructed the jury that the state has the burden of proving defendant guilty beyond a reasonable doubt, and that the burden never shifts during the trial. The court also instructed the jury on the elements of self-defense and justification in crime prevention.

Defendant requested the following jury instruction:

> The defendant's burden concerning self-defense, or crime prevention is limited to raising a reasonable doubt. The burden is on the State to prove beyond a reasonable doubt that the defendant did not act in self-defense, or prevention of crime. If the State has not met this burden, you must find the defendant not guilty.

The trial court refused to give this instruction, however, reasoning that it was cumulative and potentially confusing.

Defendant was convicted of manslaughter and sentenced to an aggravated term of fifteen years with no possibility of release for ten years. On appeal, the court of appeals rejected defendant's argument that the trial court erred by refusing his requested jury instruction, and affirmed his conviction. The court reasoned that a specific instruction on the burden of proving self-defense is not required when the issue is substantially covered by other instructions. *See State v. Dorman*, No. 1 CA–CR 88–1077, slip op. (App. Apr. 12, 1990) (mem.).

## DISCUSSION

In *State v. Garcia*, 114 Ariz. 317, 560 P.2d 1224 (1977), and *State v. Denny*, 119 Ariz. 131, 579 P.2d 1101 (1978), this court held that a trial court commits reversible error by refusing a defendant's requested instruction that the state has the burden of proving that the defendant did not act in self-defense. The court in *Denny* noted that even though the trial court instructed the jury that the state has the burden of proving the defendant guilty beyond a reasonable doubt and that this burden never shifts during the trial, there should be an instruction to make clear to the jury that the defendant does not have to prove she acted in self-defense, but that she must merely raise a reasonable doubt that her action was justified. 119 Ariz. at 133–34, 579 P.2d at 1103–04.

*Garcia* and *Denny* are still good law and control the facts of this case. *See State v. Hunter*, 142 Ariz. 88, 89–90, 688 P.2d 980, 981–82 (1984) (noting that *Garcia* and *Denny* would be directly on point and would require reversal if the defendant requested a self-defense instruction and the requested instruction was refused). As in *Garcia* and *Denny*, the trial court gave general instructions on the burden of proof, but refused defendant's requested instruction that would have made clear to the jury that the state has the burden to prove beyond a reasonable doubt that defendant did not act in self-defense or crime prevention. The trial court committed reversible error by refusing this instruction as cumulative and potentially confusing. We find the requested instruction noncumulative and crystal clear. In fact, the requested instruction is similar to a self-defense instruction that this court recently and explicitly recommended to trial courts in *State v. Duarte*, 165 Ariz. 230, 232, 798 P.2d 368, 370 (1990).[1]

---

1. The recommended instruction reads:

> If evidence was presented that raises the issue of self-defense [or some other justification], then the state has the burden of proving beyond a reasonable doubt that the defendant did not act in self-defense. If the state fails to carry this burden, then you must find the defendant not guilty of the charge.

*Duarte*, 165 Ariz. at 232, 798 P.2d at 370. When the defendant requests an instruction on self-defense or some other justification to which it is appropriate, this is the instruction that should be given.

We note that the instruction defendant requested was *less* favorable to him than the instruction we recommended in *Duarte*. The requested instruction stated that "defendant's burden ... is limited to raising a reasonable doubt." The *Duarte* instruction provides that "[i]f evidence was presented that raises the issue ..., then the state has the burden of proving beyond a reasonable doubt...." Because defendant's requested instruction was less favorable to him than the instruction he was entitled to under *Duarte*, the error in refusing defendant's requested instruction is even more apparent.

In affirming defendant's conviction, the court of appeals relied on *State v. Cannon,* 157 Ariz. 107, 755 P.2d 412 (1988), for the proposition that the trial court need not give a specific instruction on the burden of proving self-defense. *Cannon,* however, involved a defendant who had offered no self-defense instruction. It merely held that the failure to instruct the jury on the burden of proving self-defense did not constitute *fundamental* error under the facts of that case. *See id.* at 107, 755 P.2d at 412. Because defendant in this case did request an instruction on self-defense, however, he must receive a new trial if the trial court committed *reversible* error; *fundamental* error is not required. Under *Garcia* and *Denny,* the trial court committed reversible error by refusing the instruction.[2]

## DISPOSITION

We vacate the court of appeals' memorandum decision, reverse defendant's manslaughter conviction, and remand this case to the trial court for a new trial in accordance with this decision.

FELDMAN, V.C.J., and CAMERON, MOELLER and CORCORAN, JJ., concur.

---

**2.** This court has previously recognized the distinction between fundamental error and reversible error in relation to giving instructions on the burden of proving self-defense. In *Hunter,* we stated:

> *Denny* and *Garcia* would be directly on point in this case, and therefore require reversal, except for one significant factual distinction between those cases and the present case. In both *Denny* and *Garcia* the defendant requested an instruction on self-defense and the requested instruction was refused. Thus, we had to decide merely whether the trial court committed reversible error by refusing the requested instruction. In the present case, however, appellant did not request any specific self-defense instruction nor did he object to the instruction given. Thus, appellant is entitled to relief only if the error committed was fundamental error.

142 Ariz. at 89-90, 688 P.2d at 981-82.