938 P.2d 78

**STATE of Arizona, Appellee,**

v.

**Tommy Anthony CRUZ, Appellant.**

**No. 1 CA–CR 96–0094.**

Court of Appeals of Arizona,
Division 1, Department E.

Oct. 31, 1996.

Review Denied June 24, 1997.

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel Criminal Appeals Section, and Galen H. Wilkes, Assistant Attorney General, Phoenix, for Appellee.

Dean W. Trebesch, Maricopa County Public Defender by James R. Rummage, Deputy Public Defender, Phoenix, for Appellant.

## OPINION

TOCI, Judge.

Tommy Anthony Cruz ("defendant") appeals from the judgment and sentences imposed after a jury convicted him of second-degree murder and three counts of aggravated assault. He contends that the trial court erred by instructing the jury on the lesser-included offenses of homicide over his objection. He also challenges the propriety of the instruction on justification. We find no error by the trial court or in the instruction and affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

One evening in January 1994, Jesse Sotelo, a thirteen-year-old boy, was among a group of persons standing outside an apartment building. Three vehicles drove by, shots were fired, and Sotelo died instantly from a gunshot wound to the head. Defendant was in the passenger seat of the last of the three vehicles, a white pickup truck. The next day, defendant voluntarily appeared at the police station for questioning. He told police that when he and his friends drove by the apartments, he saw people with guns, that they fired shots, and that he then fired back in self-defense.

The grand jury returned an indictment against defendant charging him in Count I with murder in the first degree, a class 1 felony and dangerous crime against children for causing the death of Sotelo. Counts II, III, IV, and V charged defendant with aggravated assault of four adult bystanders, each a class 3 dangerous felony; Count VI charged him with aggravated assault of a minor bystander, a class 2 dangerous felony and dangerous crime against children.[1] The state filed a notice of its intent to seek the death penalty.

During discussion of the jury instructions, defense counsel objected to an instruction on second-degree murder or manslaughter in addition to first-degree murder. The court, however, concluded that the evidence supported the giving of those instructions as well as an instruction on provocation and self-defense.

The jury found defendant guilty of second-degree murder and of aggravated assault against three of the adult bystanders but was unable to reach a verdict on Count V. The court imposed a twenty-year presumptive sentence for second-degree murder and credited defendant with 579 days of presentence incarceration. It also ordered him to serve presumptive, concurrent terms of 7.5 years for each of the three other counts consecutive to the twenty-year term. The court dis-

missed Count V and ordered restitution in the amount of $4,750.77.

Defendant moved for a new trial and alleged prosecutorial misconduct, error in giving an instruction on provocation, and that the evidence did not suppose showed that defendant had provoked the victims and thus that the jury had not given him the benefit of the defense of self-defense. The court denied the motion, and this appeal followed.

## II. DISCUSSION

### A. Standard of Review

■ A defendant is entitled to an instruction on any theory reasonably supported by the evidence. *State v. Belyeu*, 164 Ariz. 586, 590, 795 P.2d 229, 233 (App.1990). The trial court's refusal of a requested instruction requires us to reverse the conviction if the record clearly reveals that the refusal prejudiced the defendant's rights. *Id.*

■ Absent fundamental error, one who fails to object waives any error in the jury instructions given or refused. Ariz. R.Crim.P. 21.3(c); *State v. Witwer*, 175 Ariz. 305, 307, 856 P.2d 1183, 1185 (App.1993).

### B. Lesser–Included Offense Instruction

■ Defendant first claims that the trial court erred in instructing the jury, over his objection, on the lesser-included offenses of second-degree murder and manslaughter. He cites *State v. Krone*, 182 Ariz. 319, 897 P.2d 621 (1995). Our supreme court reversed Krone's conviction because the prosecution had failed to disclose crucial evidence until the eve of trial. *Id.* at 322, 897 P.2d at 624. For purposes of retrial, the court also addressed defendant's claim that despite his failure to request an instruction on the lesser-included offenses of first-degree murder, the trial court nevertheless should have given such an instruction. *Id.* at 323, 897 P.2d at 625.

The court agreed that it was fundamental error not to instruct the jury on lesser offenses in a capital case if the evidence sup-

---

1. The court dismissed this count with prejudice after the prosecutor informed the court that the needed witnesses had disappeared.

ported the instruction, but it acknowledged that a defendant may not wish such an instruction and "should not have a lesser included instruction forced upon him." *Id.* It stated that upon retrial, "the trial court should offer to give the appropriate lesser included instruction. If Krone agrees, the court should give the instruction. If he objects, then the instruction should not be given." *Id.*

In a similar case, the court repeated the suggestion that the defendant may control whether the court gives a lesser-included instruction. In *State v. Rodriguez*, 186 Ariz. 240, 245–246, 251, 921 P.2d 643, 648–49, 654 (1996), the court reversed the defendant's conviction for first-degree murder after finding a *Miranda* violation. Rodriguez also argued, however, that the trial court *sua sponte* should have given instructions on the lesser-included offenses even though defense counsel had submitted and withdrawn those instructions. *Id.* at 248–249, 921 P.2d at 651–652.

The supreme court found that defendant had waived any error, but it analogized the defendant's withdrawal of a request for the instructions to Krone's objection, which thus "precluded the trial court from giving the instruction." *Id.* at 248–250, 921 P.2d at 651–53. The court noted, however, that the record might not support an instruction on second-degree murder. *Id.* at 249–250, 921 P.2d at 652–53. From this language, we assume that the state may not have requested any lesser-included offense instructions.

*Krone* and *Rodriguez* are both cases in which the court failed to instruct on lesser offenses. In the instant case, the court gave the instruction over defendant's objection. If, as we surmise, that *Krone* and *Rodriguez* are cases in which the state did not object to instructions solely on first-degree murder, the supreme court's willingness to allow the defendant to risk a conviction for first-degree murder for the possibility of a complete acquittal is not surprising. But those cases, then, do not control whether the court must *refuse* to instruct on lesser-included offenses when the state requests those instructions, and the defendant objects.

Certainly, the state is entitled to request instructions on lesser-included offenses. Rule 13.2(c), Arizona Rules of Criminal Procedure, provides, **"Notice of Necessarily Included Offenses.** Specification of an offense in an indictment or information shall constitute a charge of that offense and of all offenses necessarily included therein." The comment states that the prosecutor may specify the most serious degree of the charged offense, which automatically includes the lesser offenses. "This also clarifies the prosecutor's right to request instructions as to necessarily included offenses." Ariz.R.Crim.P. 13.2(c) cmt.

Rule 23.3 provides, "Forms of verdicts shall be submitted to the jury for all offenses necessarily included in the offense charged. . . ." The comment to the Rule explains, "Rules 13.2(c) and 23.3 make clear that the prosecutor, as well as a defendant, is entitled to an instruction on any offense for which there is evidentiary support and for which a verdict form is submitted to the jury."

In addition to the Arizona Rules of Criminal Procedure, case law also implies that the defendant's wishes do not necessarily override those of the prosecution when the evidence supports the lesser offense instruction. In *State v. Govan*, 154 Ariz. 611, 744 P.2d 712 (App.1987), the state charged defendant with second-degree murder, and the jury found him guilty of manslaughter. *Id.* at 612, 744 P.2d at 713. On appeal, he argued both that no evidence supported the manslaughter instruction and that it was inconsistent with his theory of self-defense. *Id.* at 614, 744 P.2d at 715. At trial, however, he had objected only on the former ground. *Id.* at 614–15, 744 P.2d at 715–16. That objection thus did not preserve an objection on any other ground. *Id.* at 615, 744 P.2d at 716. In addition, the court cited Rule 22.3 which "clearly states that both the defendant and prosecutor are entitled to instructions on any offense charged or any lesser-included offense for which there is evidentiary support." *Id.* Because the defendant's conduct might have fallen within the definition of manslaughter, we approved the trial court decision to instruct the jury on that offense. *Id.*

Similarly, in *State v. Whittle,* 156 Ariz. 405, 406, 752 P.2d 494, 495 (1988), the indictment charged defendant with first-degree murder, and the jury convicted him of second-degree murder. He argued on appeal that the trial court should have instructed the jury on the other lesser degrees of homicide although his trial counsel objected to an instruction on second-degree murder and neither offered nor requested instructions on any other lesser offense. *Id.* at 406, 407–08 n. 2, 752 P.2d at 495, 496–97 n. 2. Our supreme court found no error. It cited Rule 21.3(c), Arizona Rules of Criminal Procedure, which bars an appeal based on the giving of an instruction unless the party objected to the instruction before the jury retired to deliberate. *Id.* at 406–07, 752 P.2d at 495–96.

The court held that a defendant waives any objection based on the trial court's failure to *sua sponte* instruct on lesser-included offenses except in two instances. *Id.* at 407, 752 P.2d at 496. First, a defendant cannot waive his objection if the offense charged may subject him to capital punishment; the court must instruct on lesser-included offenses supported by the evidence even if not asked to do so by the defendant. *Id.* Second, if the failure to instruct constitutes fundamental error by denying the defendant a fair trial or the opportunity to present a defense, lack of objection will not waive the error. *Id.* Short of these two circumstances, the court need not instruct on lesser offenses absent a request. *Id.*

In this case, defendant objected to giving the lesser-included offense instruction, but the prosecutor urged the judge to give it. The judge found "the evidence clearly establishes that there are facts to support a jury finding on the second degree and manslaughter." Therefore, this is not a case in which the prosecutor acquiesced in the defendant's willingness to accept the risk of conviction to gain a possible acquittal. If our supreme court were presented with these facts, we do not believe that it would apply the dicta in *Krone* that a trial court should not "force" upon a defendant a lesser-included offense instruction. *See Krone,* 182 Ariz. at 323, 897 P.2d at 625.

If the court abides by defendant's wish and the jury convicts him of first-degree murder, he will argue, as *Krone* and *Rodriguez* did, that the court committed fundamental error in not instructing on the lesser offenses, and the state will be denied a possible conviction when the evidence could have supported a conviction for a nonpremeditated killing. Thus, we conclude that in a capital case when the state requests a lesser-included offense instruction, justified by the evidence, the trial court should give it even over the defendant's objection.

We believe that our holding is consistent with *Beck v. Alabama,* 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), and *Spaziano v. Florida,* 468 U.S. 447, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984), both cited in *Krone.* In *Beck,* the Court held that Alabama denied a defendant due process by barring the trial court from giving a lesser-included offense instruction in a capital case. 447 U.S. at 637–38, 100 S.Ct. at 2389–91. The Court feared that a defendant would be unfairly exposed to the risk of conviction when the evidence established that he had committed a serious crime but left some doubt about an element necessary for capital murder. *Id.* at 637, 100 S.Ct. at 2389–90.

*Spaziano* also was charged with a capital offense. 468 U.S. at 450, 104 S.Ct. at 3156–57. The trial court agreed to instruct the jury on lesser-included offenses if the defendant would waive the statute of limitations, which had expired on the lesser crimes. *Id.* He would not, and the Supreme Court found no error in the trial court's refusal to instruct on the lesser offenses. *Id.* at 457, 104 S.Ct. at 3160–61. The Court acknowledged that in some cases, a defendant may want to

take his chances with the jury. If so, we see little reason to require him not only to waive his statute of limitations defense, but also to give the State what he perceives as an advantage—an opportunity to convict him of a lesser offense if it fails to persuade the jury that he is guilty of capital murder.

*Id.* at 456–57, 104 S.Ct. at 3160–61. *Spaziano* was given a choice and knowingly refused to waive the statute of limitations. *Id.* at 457, 104 S.Ct. at 3160–61. In the Court's view,

*Beck* did not require "that the jury be tricked into believing that it has a choice of crimes . . . if in reality there is no choice." *Id.* at 456, 104 S.Ct. at 3160.

Neither case holds that a defendant's wishes control the giving of the instruction when the evidence supports a lesser offense instruction *and the state requests it.* We think that our holding accords with *Beck*'s purpose of enhancing rational jury deliberations and its recognition that lack of a lesser offense instruction "increases the risk that the jury will convict, not because it is persuaded that the defendant is guilty of capital murder, but simply to avoid setting the defendant free." *Id.* at 455, 104 S.Ct. at 3159.

Here, the state submitted evidence that supported an instruction on second-degree murder and manslaughter: one witness testified that defendant "said he wasn't trying to shoot any particular person, but he was going to do a drive-by," and when he saw the victim dressed in red, he shot at him. Another testified that the defendant shot into the crowd. Defendant told the police that the shooting "was an accident," that he "got scared" when he saw some people in the crowd outside the apartment building with guns, and that when they began firing, he shot back. Therefore, sufficient evidence had been admitted from which the jury could have convicted defendant of a lesser offense, and the state was entitled to an instruction on those crimes.

## C. Self-Defense Instruction

■ Defendant contends that the instruction on self-defense led the jury to believe that it was first to decide whether the evidence raised the issue of self-defense.[2] Defendant argues that contrary to the instruction, the trial court initially determines whether the slightest evidence of justification exists to warrant the instruction and that the jury's only duty is to decide whether the state proved beyond a reasonable doubt that defendant did not act in self-defense. *See State v. Korzep,* 165 Ariz. 490, 494, 799 P.2d 831, 835 (1990), *appeal after remand Korzep v. Superior Ct.,* 172 Ariz. 534, 838 P.2d 1295 (1991). He also argues that the jury would not have known by what quantum of proof to determine whether the evidence "raise[d] the issue of self-defense" and that it might have erroneously found that the issue had not been adequately raised and thus did not hold the state to its burden to disprove self-defense.

■ Defendant did not object to the instruction during trial but argues that it constitutes fundamental error by shifting to him the burden to prove self-defense. To be fundamental, an error must go to the heart of defendant's case or deprive him either of a right essential to his defense or a fair trial. *State v. King,* 158 Ariz. 419, 424, 763 P.2d 239, 244 (1988). "Ordinarily, errors in jury instructions defining a party's burden of proof are considered fundamental." *Id.* Before we can find fundamental error, however, we must find an error.

Our supreme court has rejected a claim that the instruction given in this case shifts the burden of proof on self-defense to defendant. *See State v. Duarte,* 165 Ariz. 230, 231, 798 P.2d 368, 369 (1990). In *State v. Cannon,* 157 Ariz. 107, 755 P.2d 412 (1988), the defendant argued that the justification instruction given at his trial had improperly shifted the burden of proof. But because the instructions made clear that the state had to prove all of its case beyond a reasonable doubt and did not suggest that the defendant had the burden to prove justification, the court found no fundamental error. *Id.; cf. State v. Dorman,* 167 Ariz. 153, 805 P.2d 386 (1991) (reversible error to refuse defendant's requested instruction that state has burden to disprove self-defense beyond a reasonable doubt).

Here, the instruction informed the jury that the state had "the burden of proving beyond a reasonable doubt that the defendant's actions were not justified." The instruction left no doubt as to the parties' respective burdens of proof. The court also

2. The instruction read, "If evidence was presented that raises the issue of self-defense or defense of a third person, then the State has the burden of proving beyond a reasonable doubt that the defendant's actions were not justified. If the State fails to carry this burden, then you must find the defendant not guilty."

defined justification and informed the jury that provocation eliminated the defenses of self-defense or defenses of a third person.

Defendant, however, argues that the first sentence of the instruction unfairly suggests that the jury could not apply the state's burden of proof beyond a reasonable doubt until the jury had determined that defendant sufficiently raised self-defense. This argument has no merit. The jury is the ultimate factfinder. The trial court must determine, as it did here, that the evidence supports the giving of a justification instruction. But the jury must evaluate the evidence to determine if it raised the issue of self-defense. Once the jury has determined that the evidence presented raises the issue of self-defense, the instruction tells the jury to hold the state to the burden of proving beyond a reasonable doubt that the defendant's acts were not justified.

Furthermore, even if we accept, for the purposes of argument, the validity of defendant's assertion that the instruction contains no standard for determining when the evidence raises the issue of self-defense, counsel's arguments and the evidence remedied this problem. *See State v. Russell,* 175 Ariz. 529, 533, 858 P.2d 674, 678 (App.1993) (counsel's arguments and the evidence can clarify unclear jury instructions). Defense counsel extensively argued that defendant had acted in self-defense and reminded the jury of the state's burden to prove that he had not acted in self-defense. In response, the state argued that defendant's acts of provocation deprived him of any justification for the shooting.

Finally, we do not evaluate a single sentence of the instructions out of context, but we consider the instructions as a whole. *State v. Webb,* 164 Ariz. 348, 357, 793 P.2d 105, 114 (App.1990). After considering the entire record and all of the instructions, we do not believe that the instructions misled the jury as to its duty or suggested that it apply an undefined quantum of proof in deciding if self-defense had been raised as an issue. We find no error in the instruction

given, and thus no fundamental error requiring reversal.

GARBARINO, P.J., and WEISBERG, J., concur.