19 P.3d 1258

STATE of Arizona, Appellee,

v.

Clarence Roy FARLEY, Appellant.

No. 1 CA-CR 99-0870.

Court of Appeals of Arizona,
Division 1, Department C.

April 3, 2001.

Janet Napolitano, Attorney General, by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section and Robert A. Walsh, Assistant Attorney General, Phoenix, Attorneys for Appellee.

Sherman Jensen, Chandler, Attorney for Appellant.

## OPINION

LANKFORD, Judge.

¶ 1 Defendant Clarence Roy Farley appeals his conviction and sentence for second-degree murder. He raises two issues. He first argues that Arizona Revised Statutes Annotated ("A.R.S.") section 13–205(A) (Supp.2000), which imposes upon a defendant the burden of proving by a preponderance of the evidence any affirmative defense raised, violates the Due Process Clause of the Arizona Constitution. He also contends that the trial court improperly instructed the jury on the use of deadly force in defense of a third person.

¶ 2 We affirm. Allocating the burden of proving justification to a defendant does not violate due process. As for the instruction about which Defendant now complains, he requested it, and we decline to reverse based on this invited error.

¶ 3 The facts, viewed in the light most favorable to sustaining the jury's verdict, are as follows. *See State v. Atwood*, 171 Ariz. 576, 596, 832 P.2d 593, 613 (1992). The State charged Defendant with one count of murder in the first degree for the September 1998 shooting death of Don. The shooting occurred during an argument between Don and his sister, Sherry, outside Defendant's Prescott Valley residence. Both Sherry and Don struck one another. An eyewitness saw De-

fendant standing on his front porch during the argument, holding a shotgun. As Don turned away from Sherry to avoid being struck by a handful of rocks she had picked up from the driveway, Defendant raised the shotgun to his shoulder. The eyewitness then heard a shot and saw Defendant lowering his weapon. The gunshot struck Don in the back, killing him within minutes.

¶ 4 Defendant argued at trial that the State's forensic evidence failed to show he was the shooter. Defendant's argument implied that someone else, presumably Sherry, had fired the weapon. Defense counsel also argued in the alternative that, if the jury decided that Defendant was the shooter, Defendant justifiably shot Don to protect Sherry.

¶ 5 The jury convicted Defendant of the lesser-included offense of second-degree murder. The court sentenced Defendant to sixteen years in prison. He timely appealed.

¶ 6 Defendant first argues that the affirmative defense statute, A.R.S. section 13–205(A), violates the Due Process Clause of the Arizona Constitution.[1] Section 13–205(A) states: "Except as otherwise provided by law, a defendant shall prove any affirmative defense raised by a preponderance of the evidence, including any justification defense...." Consistent with the statute, the trial court instructed the jury that Defendant must prove by a preponderance of the evidence that he had acted justifiably. Although he did not previously object, Defendant now contends that this instruction constituted fundamental error because it relieved the State of the burden imposed on it by the Due Process Clause to disprove the justification defense beyond a reasonable doubt.

¶ 7 The statute is a departure from prior law. Before the enactment of section 13–205(A), Arizona common law governed the allocation of the burden of proving justifica-

1. "No person shall be deprived of life, liberty, or property without due process of law." Ariz. Const. art. 2, § 4.

tion. A criminal defendant who presented "any evidence" of justification triggered the State's obligation to prove beyond a reasonable doubt that the defendant's conduct was not justified. *E.g.*, *State v. Duarte*, 165 Ariz. 230, 231, 798 P.2d 368, 369 (1990).

¶ 8 An erroneous instruction regarding the State's burden could be fundamental error. The Arizona Supreme Court, in *State v. Hunter*, 142 Ariz. 88, 90, 688 P.2d 980, 982 (1984), held that a trial court committed fundamental error by instructing a jury that, if it found that the defendant's conduct was justified, it was required to find the defendant not guilty. The court concluded that this instruction improperly relieved the State of its burden of proving every "element of [the] crime" beyond a reasonable doubt because it might have suggested to the jury that the defendant's burden exceeded simply raising a reasonable doubt as to whether his conduct was justified. *Id.*

¶ 9 Although *Hunter* and other Arizona decisions imposed different burdens on a defendant than does the current statute, they did not constitutionally enshrine that allocation of the burden of proof. The Arizona Supreme Court observed that its opinion in *Hunter* is "remarkable" in that it does not indicate whether the fundamental error in that case "had its origins in the constitution." *State v. Slemmer*, 170 Ariz. 174, 181 n. 8, 823 P.2d 41, 48 n. 8 (1991). The *Slemmer* Court noted that, although "one might assume" that *Hunter* involved a constitutional issue, "*Hunter* does not involve the state's due

process obligation to prove the elements of the crime but, rather, the burden-shifting of the state's obligation to prove the absence of justification for defendant's actions." *Id.*[2]

¶ 10 The decision in *Slemmer* reflects the distinction between the elements of an offense and an affirmative defense. Because the presumption of a defendant's innocence "'lies at the foundation of the administration of our criminal law,'" due process requires that the State prove "beyond a reasonable doubt every fact necessary to constitute the crime...." *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).

¶ 11 In contrast, an affirmative defense is a matter of avoidance of culpability even if the State proves the offense beyond a reasonable doubt. It "does not serve to negative any facts of the crime which the State is to prove in order to convict...." *Patterson v. New York*, 432 U.S. 197, 207, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977). While the State is constitutionally required to prove every element of the offense, our courts have not held that the State is constitutionally required to negate affirmative defenses.

¶ 12 The mere fact that our courts have not held as a constitutional matter that the State must disprove justification does not preclude the possibility that due process indeed requires it. However, our examination of the United States Supreme Court's interpretation of the federal Due Process Clause leads us to conclude that A.R.S. section 13–

---

2. The court also indicated in *State v. Cannon*, 157 Ariz. 107, 755 P.2d 412 (1988), that *Hunter* has no constitutional basis. In *Cannon*, the court rejected the State's request to reverse *Hunter* in light of the United States Supreme Court's decision in *Martin v. Ohio*, 480 U.S. 228, 107 S.Ct. 1098, 94 L.Ed.2d 267 (1987), that states may constitutionally require defendants to prove justification. *Id.* at 107–08, 755 P.2d at 412–13. Our supreme court rejected the State's argument because the court found no expressed legislative intent to impose such a burden on a defendant. *Id.* at 108, 755 P.2d at 413. Citing A.R.S. section 13–502(C) (Supp.2000), which requires a criminal defendant to prove insanity by clear and convincing evidence, the court observed that the Legislature "has made its intent and the nature of the burden clear" when it

places the burden of proof on a defendant. *Id.* "[W]hen a change is to be made of a principle of law that has existed since territorial days, we require that legislative intent be clear and not inferred from a labored analysis as likely to mask legislative intent as to explicate it." *Id.* *Cannon* recognizes that the burden of proof rule is not constitutionally mandated. *Cf. State v. Turrentine*, 152 Ariz. 61, 730 P.2d 238 (App.1986) (requiring defendant to prove insanity does not offend Arizona Due Process Clause). *But cf. State v. Eagle*, 196 Ariz. 188, 193, ¶ 23, 994 P.2d 395, 400 (2000) (Feldman, J., concurring in part and dissenting in part) (noting that "due process may still require the state to bear the burden of disproving a factor that reduces or justifies a crime").

205(A) does not violate our similar—if not identical—state constitutional guarantee of due process. *Cf. State v. Youngblood,* 173 Ariz. 502, 508, 844 P.2d 1152, 1158 (1993) (Feldman, J., concurring in part and dissenting in part) (accepting the reasoning of federal courts in interpreting Arizona Due Process Clause but stating that federal and state clauses are not "coterminous").

¶ 13 The United States Supreme Court has held that federal due process does not bar a state from requiring a defendant to establish justification by a preponderance of the evidence. *Martin v. Ohio,* 480 U.S. 228, 233, 107 S.Ct. 1098, 94 L.Ed.2d 267 (1987); *see also Patterson,* 432 U.S. at 205–06, 97 S.Ct. 2319 (holding that state may require defendant to prove defense of extreme emotional disturbance). The states have broad authority to define the elements of a crime. *Martin,* 480 U.S. at 233, 107 S.Ct. 1098. As long as a jury is properly instructed that it may convict only if the state has proven each element of the crime beyond a reasonable doubt, it does not offend due process to require the defendant to prove by a preponderance of the evidence that, despite proof of every element of the offense, he is nevertheless blameless because he acted in self-defense. *Id.* Therefore, although due process requires the State to prove every *element* of the offense beyond a reasonable doubt, it does not require the State to prove the absence of an *affirmative defense.*

¶ 14 Justification is an affirmative defense. *State ex rel. Romley v. Superior Court,* 172 Ariz. 232, 238, 836 P.2d 445, 451 (App.1992). Conversely, the absence of justification is not an element of homicide. *See* A.R.S. §§ 13–1101 to 1105 (1989 & Supp. 2000). Because justification is an affirmative defense rather than an element of homicide, the Legislature may allocate to defendant the burden of proving it.

¶ 15 Similar legislative efforts to reallocate the burden of proof for affirmative defenses have withstood constitutional scrutiny. Section 13–502(C) (Supp.2000) allocates to the defendant the burden of proving insanity beyond a reasonable doubt. Section 13–206(B) (Supp.2000) requires a defendant to prove entrapment by clear and convincing evidence. Prior to these enactments, Arizona common law required the State to disprove both insanity and entrapment beyond a reasonable doubt if the defendant raised either defense. *State v. Fletcher,* 149 Ariz. 187, 192, 717 P.2d 866, 871 (1986) (insanity); *State v. Preston,* 197 Ariz. 461, 464, 4 P.3d 1004, 1007 (App. 2000) (entrapment). Despite this common law tradition, both statutes have survived challenges that they unconstitutionally shift the burden to the defendant. *See State v. Hurles,* 185 Ariz. 199, 203, 914 P.2d 1291, 1295 (1996) (holding that insanity statute did not vitiate the presumption of innocence or negate the State's burden of proof); *State v. Moorman,* 154 Ariz. 578, 586, 744 P.2d 679, 687 (1987) (rejecting defendant's claim that placing the burden of proving insanity upon defendant violated the constitution); *Preston,* 197 Ariz. at 465, 4 P.3d at 1008 (holding that statute requiring defendant to prove entrapment by clear and convincing evidence did not violate due process). *See also Leland v. Oregon,* 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952) (holding that state may require defendant to prove insanity defense beyond a reasonable doubt).

¶ 16 Requiring a defendant to prove affirmative defenses has long been a feature of common law. 4 W. Blackstone, *Commentaries* 201, *quoted in Patterson,* 432 U.S. at 202, 97 S.Ct. 2319. "This was ... the American rule when the Fourteenth Amendment was ratified." *Patterson,* 432 U.S. at 202, 97 S.Ct. 2319. "Long before *Winship,* ... the long-accepted rule was that it was constitutionally permissible to provide that various affirmative defenses were to be proved by the defendant." *Id.* at 211, 97 S.Ct. 2319. The State's "[p]roof of the nonexistence of all affirmative defenses has never been constitutionally required...." *Patterson,* 432 U.S. at 210, 97 S.Ct. 2319.

¶ 17 Defendant has failed to demonstrate that the Due Process Clause of the Arizona Constitution, unlike its federal counterpart,

prohibits the State from placing the burden of proving the affirmative defense of justification on a criminal defendant. Accordingly, we reject Defendant's constitutional challenge to A.R.S. section 13–205(A).

¶ 18 Defendant also argues that the trial court erred in instructing the jury on the use of deadly force in defense of a third person. The trial court, at Defendant's request, instructed the jury that "a person may use deadly physical force in defense of a third person only to protect against another's use or threatened use of deadly physical force."

¶ 19 This portion of the instruction, however, subtly misstates the standard for the use of deadly physical force. The Arizona Supreme Court rejected a similar instruction in *State v. Grannis*, 183 Ariz. 52, 61, 900 P.2d 1, 10 (1995). The instruction impermissibly suggests that only actual deadly force, and not apparent deadly force, could justify Defendant's use of deadly force. *See id.; see also* A.R.S. § 13–406 (1989).

¶ 20 However, Defendant invited any error by requesting the instruction. "We have long held that a party cannot complain on appeal that the trial court gave an instruction that he specifically requested." *State v.*

*Diaz*, 168 Ariz. 363, 365, 813 P.2d 728, 730 (1991). Because Defendant requested a flawed instruction four years after the *Grannis* decision, we apply the "usual rule" of invited error. *See id.* at 365–66, 813 P.2d at 730–31 (declining to apply a fundamental error analysis because the defendant requested an instruction disapproved by the Arizona Supreme Court five years earlier). We will not reverse Defendant's conviction based on error that he invited.

¶ 21 Accordingly, we affirm Defendant's conviction and sentence.

CONCURRING: REBECCA WHITE BERCH, Presiding Judge, E.G. NOYES, Jr., Judge.