37 P.3d 432

STATE of Arizona, Appellee,

v.

Jose Jesus SIERRA–CERVANTES,
Appellant.

No. 1CA–CR 00–0801.

Court of Appeals of Arizona,
Division 1, Department C.

Oct. 2, 2001.

As Amended Jan. 11, 2002.

Janet Napolitano, Arizona Attorney General, By Randall M. Howe, Chief Counsel, Criminal Appeals Section and R. Wayne Ford, Assistant Attorney General, Phoenix, for Appellee.

James J. Haas, Maricopa County Public Defender, By Louise Stark, Deputy Public Defender, Phoenix, for Appellant.

## OPINION

BARKER, Judge.

¶ 1 Jose Sierra–Cervantes ("defendant") appeals from his conviction of one count of aggravated assault, a class three dangerous felony. The defense alleges that the instructions on self-defense, when read with the other instructions, confused and misled the jury.

¶ 2 We find no error requiring reversal. However, the instructions at issue inappropriately blend law pre-dating the passage of Arizona Revised Statutes ("A.R.S.") section 13–205 (2001) with the requirements of that statute. We recently found § 13–205 to be constitutional. *State v. Farley*, 199 Ariz. 542, 544–545, 19 P.3d 1258, 1260–1261 (App.2001).

This opinion clarifies the form of jury instructions to be given when justification is a defense.

### Brief Facts And Procedural History

¶ 3 On January 6, 2000, defendant and the victim engaged in a brief but heated verbal exchange in their neighborhood street. Defendant admitted shooting the victim in the leg. He asserted, however, that the victim threatened him and was coming toward him when he shot. Defendant contended the shooting was justified as it was in self-defense.

¶ 4 The trial judge instructed the jury on self-defense. The instruction provided that the defendant must prove the defense was more probably true than not. The instruction also required the state to prove beyond a reasonable doubt that the shooting was *not* in self-defense. Neither side objected to the instruction.

¶ 5 The jury rejected defendant's justification defense. He was convicted and subsequently sentenced to a mitigated prison term of six years. This appeal followed.

### Discussion

#### 1. The Self–Defense Instruction at Issue.

¶ 6 The instruction given on self-defense provides in pertinent part as follows:

> The defendant must satisfy you by a preponderance of the evidence, that evidence sufficient to raise the issue of justification (self-defense) to the crime of aggravated assault has been presented. This means the defendant must satisfy you that the defense of self-defense is more probably true than not true. In determining whether the defendant has met this burden by a preponderance of the evidence, you are to consider all of the evidence whether presented by the state or the defendant.
>
> However, the burden of proof with regard to the elements of the charged offense remains with the state. If evidence sufficient to raise the issue of justification because of self-defense has been presented by any party, the state must still prove beyond a reasonable doubt that defendant did not act in self-defense.

If you decide that the defendant's conduct was justified, you must find the defendant not guilty of the crime of aggravated assault.

¶ 7 Fairly read, this instruction told the jury the following: (1) the defense had the burden of presenting evidence to raise the issue of self-defense and prove it by a preponderance of the evidence; (2) the state then bore the burden of proving, beyond a reasonable doubt, that the defendant did not act in self-defense; (3) the defendant was to be found not guilty if self-defense was proved; and (4) the state's burden of proving the underlying elements of the offense did not shift to the defense.

¶ 8 The first and second point communicated to the jury inappropriately blend the case law in effect prior to the passage of § 13–205 with the changes brought about by that section. It is helpful to review the pertinent law.

## 2. Self–Defense and the Changes Wrought by § 13–205.

¶ 9 Prior to the passage of § 13–205, the defense bore only the very limited burden of raising evidence to support the giving of an instruction on self defense. *State v. Duarte*, 165 Ariz. 230, 231, 798 P.2d 368, 369 (1990). If the defendant raised the "slightest" evidence of self-defense, the jury was to be instructed on that defense. *Id.*

¶ 10 After raising the "slightest" evidence of self-defense, the burden then shifted to the state to prove that the defendant did not act in self-defense. *Id.; State v. Cruz*, 189 Ariz. 29, 34–35, 938 P.2d 78, 83–84 (App.

1996). The state bore this burden beyond a reasonable doubt. *Duarte*, 165 Ariz. at 231–32, 798 P.2d at 369–70. Under these holdings, a jury *could* be advised of the defendant's obligation to present evidence "raising" the issue of self-defense.[1] A jury was *required* to be advised of the state's burden of disproving any act of self-defense, beyond a reasonable doubt.

¶ 11 Section 13–205 changed this structure. It provides that "a defendant shall prove any affirmative defense raised by a preponderance of the evidence, including any justification defense." As this statute makes plain, the *defendant* now has the burden to prove a justification defense by a preponderance of the evidence. We recently found this shift in the burden of proof to be constitutional. *State v. Farley*, 199 Ariz. 542, 544–545, 19 P.3d 1258, 1260–1261 (App.2001). Thus, the burden is no longer on the state to prove beyond a reasonable doubt that the defendant did not act in self-defense. On this specific issue, *Duarte, Cruz* and related cases are no longer valid and should no longer be argued.[2] Juries should not be advised that the state bears any burden on self-defense. The state has none.

¶ 12 Further, juries should no longer be instructed that the defense has a separate burden of presenting evidence to raise self-defense in addition to the burden of proving it. The burden of *raising evidence* of self-defense is subsumed by the burden of *proving* self-defense.

¶ 13 Whether to instruct on self-defense is for the trial judge to determine, based on the evidence presented at trial.[3]

---

1. In *State v. Cruz* this court held it was not error to advise the jury of the defendant's obligation to raise evidence of self-defense. 189 Ariz. at 34–35, 938 P.2d at 83–84. Simply because an instruction does not create error does not make the instruction advisable. The standard instruction prior to § 13–205 did not include this obligation and it would not have been error to instruct without referencing it. Recom. Ariz. Jury Instr. Stand. Crim. 4.04 (1989).

2. For instance, in this matter, the following exchange took place at trial:
   [Defense counsel]: Your Honor, now that all the evidence is in, based on all the evidence, I believe we have sufficiently raised the defense

of self-defense. *The State has not overcome its burden that my client did not act in self-defense.* I would move for a directed verdict.
   [Prosecutor]: State's opposed, Your Honor.
   THE COURT: I agree. I think that reasonable jurors could either acquit or convict here. A reasonable jury could find either self-defense, also, reasonable jurors could find it wasn't self-defense. I'll deny the motion.

3. There was no issue in this case as to whether a self-defense instruction should be given. Accordingly, we do not address the issue of whether a lesser quantum of evidence is required for giving an instruction on self-defense, based on prior

As the trial judge correctly instructed here, the burden to prove the elements of the underlying offense beyond a reasonable doubt always remains with the state. It never shifts, whether or not a justification defense is raised.[4]

### 3. Defendant's Claims of Error.

■ ¶ 14 As defendant did not object to the instructions he now claims to be in error, our review is for fundamental error only. Ariz. R.Crim. P. 21.3(c); *State v. Valenzuela,* 194 Ariz. 404, ¶ 2, 984 P.2d 12, 13 (1999).

¶ 15 Fundamental error is error " 'going to the foundation of the case or that which takes from the defendant a right essential to his defense.' " *State v. Stuard,* 176 Ariz. 589, 601, 863 P.2d 881, 893 (1993) (quoting *State v. Libberton,* 141 Ariz. 132, 138, 685 P.2d 1284, 1290 (1984)). To be fundamental error, "[an] error 'must be clear, egregious, and curable only via a new trial.' " *State v. Bible,* 175 Ariz. 549, 572, 858 P.2d 1152, 1175 (1993) (quoting *State v. Gendron,* 168 Ariz. 153, 155, 812 P.2d 626, 628 (1991)).

■ ¶ 16 Furthermore, when the claim of error goes to jury instructions, we examine the instructions "in their entirety in determining whether they adequately reflect the law." *State v. Rutledge,* 197 Ariz. 389, 393 ¶ 15, 4 P.3d 444, 448 (App.2000). We look at the language of the instruction in view of how a reasonable juror could have construed it. *State v. Spoon,* 137 Ariz. 105, 109–10, 669 P.2d 83, 87–88 (1983). We will not reverse a conviction "unless we can reasonably find that the instructions, when taken as a whole, would mislead the jurors." *State v. Strayhand,* 184 Ariz. 571, 587, 911 P.2d 577, 593 (App.1995).

¶ 17 Defendant claims the following errors in the instructions: (a) the jury was not

sufficiently told that it should consider all the evidence, (b) the jury was misled as to the burden of proof, and (c) the jury was inappropriately told to either acquit based on self-defense or convict. We address each of these claims individually and then the instructions as a whole.

### A. The jury was sufficiently instructed that it should consider all the evidence.

■ ¶ 18 Defendant argues that the instructions erroneously led the jury to conclude that it need not consider all the evidence in determining whether reasonable doubt existed as to the elements of the offense.

¶ 19 In defining the burden of proof for self-defense, as set forth above, the instruction provided as follows:

> In determining whether the defendant has met this burden by a preponderance of the evidence, you are to consider *all* of the evidence whether presented by the state or the defendant.

(Emphasis added.) The focus of defendant's argument is that the reference to "all" the facts in describing the self-defense instruction confused the jury into believing that they should consider "all" the evidence in determining whether self-defense was established but need not consider "all" the evidence in determining whether the state had met its burden on the underlying charges. We do not agree.

¶ 20 The trial court also gave the following instructions:

> It is your duty to determine what the facts are in the case by determining what actually happened. Determine the facts only from the evidence produced in court.

---

case law *(e.g., Duarte, Cruz),* than for giving an instruction on other issues.

4. The following instruction is one way to appropriately address the change wrought by § 13–205:

> The defendant has the burden of proving any justification defense by a preponderance. of the evidence, which is a lesser burden than proof beyond a reasonable doubt. As stated earlier, the state always has the burden of proving the

crime charged beyond a reasonable doubt, and this burden never shifts during the trial.

> Proof by "a preponderance of the evidence" means that a fact is more probably true than not.

> If you find that the defendant has proved a justification defense by a preponderance of the evidence then you must find the defendant not guilty of the crime charged.

. . . .

As you determine the facts, however, you may find that some instructions no longer apply. You must then consider the instructions that do apply, together with the facts as you have determined them.

¶ 21 The instructions make it plain that the jury is to determine what the facts in the case are from *"the evidence* produced in court." (Emphasis added.) There is no instruction to exclude facts that pertained to justification when considering all of the elements of the offense at issue. Taken as a whole, the instructions are not misleading on this point. *See Strayhand,* 184 Ariz. at 587, 911 P.2d at 593 (App.1995). There is no fundamental error in this regard.

**B. The jury was sufficiently instructed that the burden of proof on the elements of the offense remained with the state.**

■ ¶ 22 The defense also argues the combination of the instruction on self-defense and the other instructions did not make it plain that the burden of proof as to all elements remained with the state.

¶ 23 As we discussed above, the self-defense instruction given was flawed. However, it specifically provided that "the burden of proof with regard to the elements of the charged offense remains with the state." Additionally, the trial court also instructed as follows:

The law does not require a defendant to prove innocence. Every defendant is presumed by law to be innocent. *The State must prove the defendant guilty beyond a reasonable doubt. This means the State must prove each element of the charge beyond a reasonable doubt.* If you conclude that the State has not met its burden of proof beyond a reasonable doubt, then reasonable doubt exists, and the defendant must be acquitted of that charge.

(Emphasis added.)

¶ 24 These instructions are plain. No reasonable juror would consider that the burden of proof on the elements of the offense was no longer borne by the state.

**C. The jury was not directed to either acquit based on self defense or convict.**

■ ¶ 25 Defendant also contends that the jury was misled into believing that its only options were either to find defendant not guilty based on the justification defense, or to convict. This would inappropriately leave out the option of acquitting based upon reasonable doubt as to the elements of the offense. While we agree that such an error in instructions would be fundamental, we do not find such an error here.

¶ 26 The jury was specifically told that it must acquit if it found self-defense:

If you decide that the defendant's conduct was justified, you must find the defendant not guilty of the crime of aggravated assault.

The jury was also told, however, to acquit if the state did not prove all elements of the offense beyond a reasonable doubt:

The State must prove the defendant guilty beyond a reasonable doubt. This means *the State must prove each element of the charge beyond a reasonable doubt. If you conclude that the State has not met its burden of proof beyond a reasonable doubt, then reasonable doubt exists, and the defendant must be acquitted of that charge.*

(Emphasis added.)

¶ 27 We evaluate these instructions with the others given. *State v. Webb,* 164 Ariz. 348, 357, 793 P.2d 105, 114 (App.1990). It is abundantly clear that the jury knew it had three options: 1) convict, 2) acquit based on self-defense, or 3) acquit based on the failure of the state to prove all the elements of the assault. There was no fundamental error.

**D. Cumulative effect of the instructions.**

¶ 28 We consider the instructions as a whole to determine whether there is error. *Rutledge,* 197 Ariz. at 393 ¶ 15, 4 P.3d at 448; *State v. Webb,* 164 Ariz. 348, 357, 793 P.2d 105, 114 (App.1990).

■ ¶ 29 As we discussed above, the court erroneously instructed on the issue of

the burden of proof on self-defense. This error was potentially confusing. The error, however, worked to defendant's advantage. Section 13–205 mandated that the burden be on the defendant as opposed to the state. Any potential confusion on this issue would have resulted in applying a lesser standard, to the benefit of the defense. Such an error does not require reversal. *State v. Islas,* 132 Ariz. 590, 591, 647 P.2d 1188, 1189 (App.1982) ("failure to give a certain instruction is not reversible error unless it is prejudicial to the rights of a defendant, and such prejudice will not be presumed but must appear from the record."); *Bliss v. Treece,* 134 Ariz. 516, 520, 658 P.2d 169, 173 (1983) (holding that only prejudicial errors in instructions warrant reversal).

¶ 30 Aside from posing an additional burden on the state, the instructions did not confuse or mislead the jury. Taken as a whole, they contained no fundamental error.

### *Conclusion*

¶ 31 For the reasons given above, we affirm.

CONCURRING: E.G. NOYES, JR., Presiding Judge, PHILIP HALL, Judge.