772 P.2d 1135

**The STATE of Arizona, Appellee,**

**v.**

**Richard BYRD, Appellant.**

**No. 2 CA–CR 87–0558.**

Court of Appeals of Arizona, Division 2, Department A.

Nov. 29, 1988.

Review Denied May 23, 1989.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Diane M. Ramsey, Phoenix, for appellee.

Harold L. Higgins, Pima County Public Defender by John F. Palumbo, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Appellant was found guilty of child molestation, a class 2 felony, in violation of A.R.S. § 13–1410. He was sentenced to a mitigated term of 12 years in prison, the minimum term permitted for the offense. For the reasons set forth below, we affirm.

There are five issues on appeal. Appellant contends the trial court erred in giving a jury instruction that allegedly placed the burden of proof on the defendant, in permitting the state to introduce character evidence of the victim's truthfulness, in denying appellant's motion to suppress, and in refusing to preclude the admission of hearsay statements of the victim. Additionally, appellant contends his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

Appellant approached the eight-year-old victim as she was playing at a playground in her apartment complex and asked her if she would like to join a gymnastic team. The child asked her mother, who after meeting with appellant, agreed she could join the team. The next day appellant approached the child again and invited her into an apartment where he was staying with a friend. He told her to go into the bedroom and get on the bed. Appellant then pulled down her pants and touched her vagina. Before she left, appellant told the child not to tell her parents.

■ First we consider appellant's contention that the jury instruction placed the burden of proof on the defendant, especially because it was followed by an instruction concerning the weight the jury should give expert testimony presented by the defense. The contested instruction stated "[I]t is a defense to a charge of molestation of a child that the defendant

was not motivated by a sexual interest." In *State v. Hunter,* 142 Ariz. 88, 688 P.2d 980 (1984), the Arizona Supreme Court found that the instruction "[I]f you decide the defendant's conduct was justified, you must find the defendant not guilty" was objectionable because the jury could have interpreted it as meaning that the defendant had the burden to prove self-defense. More recently, in *State v. Cannon,* 157 Ariz. 107, 755 P.2d 412 (1988), the supreme court clarified *Hunter* by noting that it was that particular sentence that was objectionable and that if the *Hunter* sentence was not given and the overall instructions made it clear that the state had the burden of proof, then no error occurred. In the instant case, the jury instructions taken as a whole correctly instructed the jury as to the burden of proof. The contested instruction simply stated that if an element was not proven by the state, then it was a defense to the charge.

■ Appellant argues that the trial court committed error when it allowed the state to admit evidence of the victim's character under Rule 608, Arizona Rules of Evidence, 17A A.R.S. This rule provides that "... evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise." The impeachment of the victim by inconsistent statements put her truthfulness in issue. *Blankinship v. Duarte,* 137 Ariz. 217, 669 P.2d 994 (App.1983). The rehabilitation of the victim by the state with character evidence was proper.

■ Appellant next contends that his taped statement to the police after his arrest was involuntary because it was the result of an implied promise. Confessions are presumed to be involuntary, and it is the state's burden to prove by a preponderance of the evidence that a defendant's statement was voluntary. *State v. Spence,* 146 Ariz. 142, 704 P.2d 272 (App.1985). When an officer testifies that the confession was obtained without promises, threats or coercion, as in this case, a prima facie case for admissibility is established.

*State v. Jerousek*, 121 Ariz 420, 590 P.2d 1366 (1979). The trial court's determination that the statement was voluntary will not be upset on appeal absent clear and manifest error. *State v. Griffin*, 148 Ariz. 82, 713 P.2d 283 (1986); *State v. Hall*, 120 Ariz. 454, 586 P.2d 1266 (1978). We find no error.

■ Next appellant contends that the trial court erred by improperly admitting several hearsay statements of the victim. Appellant's objection to "any hearsay statements by [victim] *at this time*" (emphasis supplied) was not a continuing objection to later hearsay statements. Any claim of error as to those later statements not objected to was waived. *State v. Viertel*, 130 Ariz. 364, 636 P.2d 142 (App.1981). This brings us to the hearsay statement that was admitted following the objection: "she said something to the effect of guess what, I get to join gymnastics with Michele and Katie." Assuming arguendo that it was error to admit this statement, the error was harmless beyond a reasonable doubt. See *State v. Bishop*, 139 Ariz. 567, 679 P.2d 1054 (1984).

■ Finally, appellant contends that his sentence constitutes cruel and unusual punishment under the Eighth Amendment to the United States Constitution. In *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), the Supreme Court set out several criteria a court should consider in determining whether a sentence violates the Eighth Amendment. They are: (1) the gravity of the offense in relation to the harshness of the penalty; (2) the sentences of other criminals in the same jurisdiction; and (3) the sentences imposed for the same crime in other jurisdictions. In *State v. Crego*, 154 Ariz. 278, 742 P.2d 289 (App. 1987), this court applied the first and third prongs of the *Solem* test and held that Arizona's child molestation statutes, A.R.S. §§ 13–604.01 and 13–1410 were not unconstitutional. However, because *Crego* did not address the second prong of *Solem*, which requires a comparison between sentences imposed for child molestation to the sentences imposed on other criminals in this jurisdiction, we do so now.

The Arizona Legislature has determined that among the most serious of crimes are sexual crimes committed against children. Accordingly, the resulting sentences are severe. However, the sentences are not disproportionately severe compared to those imposed on other criminals in Arizona. For example, a person convicted of first-degree murder (A.R.S. § 13–1105) can be sentenced to death or life imprisonment without the possibility of parole for 25 years depending on the aggravating or mitigating circumstances. A.R.S. § 13–703; *State v. Nash*, 143 Ariz. 392, 694 P.2d 222 (1985), cert. denied, 471 U.S. 1143, 105 S.Ct. 2689, 86 L.Ed.2d 706 (aggravating circumstances resulted in imposition of death penalty). The penalty for second-degree murder ranges from a presumptive term of 15 years which can be aggravated or mitigated by up to five years (A.R.S. § 13–710), to life imprisonment with no possibility of parole for 25 years. A.R.S. § 13–604(N); see *State v. Heath*, 122 Ariz. 36, 592 P.2d 1302 (App.1979) (court found that 50 to 60 years' imprisonment for second-degree murder was not unconstitutional), *State v. Mincey*, 141 Ariz. 425, 687 P.2d 1180 (1984), cert. denied, 469 U.S. 1040, 105 S.Ct. 521, 83 L.Ed.2d 409 (sentence of 25 years to life for second-degree murder was not excessive considering the circumstances).

Other serious crimes have correspondingly tough sentences. Sentences for class 2 felonies such as sexual assault (A.R.S. § 13–1406), armed robbery (A.R.S. § 13–1904), and kidnapping (A.R.S. § 13–1304), can range from seven years for a first offense (A.R.S. § 13–701) to 35 years for a dangerous repetitive crime (A.R.S. § 13–604(G)). After addressing the second prong of the *Solem* test, we do not find the defendant's sentence of 12 years for child molestation disproportionate to the sentences imposed on other criminals in Arizona. See *Solem v. Helm*, supra, and *State v. Crego*, supra.

AFFIRMED.

LIVERMORE, P.J., and HATHAWAY, J., concur.