NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JACK E. ANDERSON, *Appellant.*

No. 1 CA-CR 15-0102
FILED 2-9-2016

Appeal from the Superior Court in Coconino County
No. S0300CR201300773
The Honorable Jacqueline Hatch, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Robert A. Walsh
*Counsel for Appellee*

Coconino County Public Defender's Office, Flagstaff
By Brad Bransky
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge John C. Gemmill and Judge Margaret H. Downie joined.

---

**G O U L D,** Judge**:**

**¶1**          Appellant Jack E. Anderson appeals his conviction and sentence for one count of child molestation.  Anderson argues the trial court erred in denying his motion to dismiss the indictment and in denying his motions for mistrial.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY[1]

**¶2**          Anderson is the minor victim's step-grandfather.  In 2010, while Anderson and the victim were in a Jacuzzi, Anderson pulled the victim onto his lap and began touching and rubbing her vagina over her swimsuit.  Anderson also allegedly "pushed [the victim] down onto him" causing the victim's vagina to touch his erect penis for "a couple minutes."  The State subsequently charged Anderson with two counts of child molestation.  Count 1 was based on Anderson touching the victim's vagina, and Count 2 was based on the allegation Anderson touched her vagina with his penis.

**¶3**          The case proceeded to trial, and the jury found Anderson guilty of Count 1, but acquitted him of Count 2.  During the sentencing phase, the jury acquitted Anderson of causing emotional harm to the victim, the sole aggravating circumstance alleged by the State.  The court sentenced Anderson to a 14-year prison term, and Anderson timely appealed.

---

[1]      We view the evidence in the light most favorable to sustaining the conviction and resulting sentence.  *See State v. Guerra*, 161 Ariz. 289, 293 (1989).

**DISCUSSION**

*A.     Denial of Motion to Dismiss*

**¶4**          Prior to trial, Anderson moved to dismiss the indictment.[2] Anderson argued that pursuant to Arizona Revised Statutes ("A.R.S.") section 13-1410,[3] sexual interest is an element of child molestation.  As a result, Anderson contended the court should dismiss the indictment because it did not allege he acted with a sexual interest in committing the charged offenses.

**¶5**          The trial court denied Anderson's motion.  Relying on our holding in *State v. Simpson*, 217 Ariz. 326 (App. 2007), the court determined that: (1) sexual interest is not an element of child molestation, and (2) lack of sexual interest is an affirmative defense under § 13-1407(E) that a defendant must prove by a preponderance of evidence.  *Id.*, 217 Ariz. at 328-29, ¶¶ 18-19.

**¶6**          On appeal, Anderson argues that the trial court erred in denying his motion to dismiss because § 13-1410 is unconstitutionally vague and overbroad.  Specifically, he contends, "Arizona now authorizes criminal punishment for every intentional touching of a child's genitals . . . unless the accused can thereafter carry the burden to disprove his sexual intent."  Similarly, he asserts the holding in *Simpson* unconstitutionally shifts the burden of proving lack of sexual interest to defendants.

*1.     Vagueness and Overbreadth*

**¶7**          The State argues that Anderson waived his vagueness and overbreadth arguments because, as the trial court found, he did not timely raise them.  The State claims that Anderson first raised these arguments

---

[2]     Alternatively, Anderson requested the indictment be amended to reflect sexual interest as an element of child molestation.  Anderson subsequently withdrew his request to amend the indictment and sought dismissal arguing that A.R.S. § 13-1410 is unconstitutional because it "lacks a mens rea[.]"

[3]     Unless otherwise specified, we cite to the current version of the applicable statutes.

on October 31, 2014, or less than twenty days before trial.[4] *See* Ariz. R. Crim. P. 16.1(c) ("Any motion, defense, objection, or request . . . raised [later than the 20 days before trial] shall be precluded, unless the basis therefor was not then known, and by the exercise of reasonable diligence could not then have been known, and the party raises it promptly upon learning of it.").

**¶8**　　　　We agree that Anderson was dilatory in raising these arguments, but we disagree that the issues are waived. Rather, because the issues of vagueness and overbreadth regarding A.R.S. § 13-1410 involve an issue of public policy and broad, general statewide concern, we conclude such constitutional questions "can be raised for the first time on appeal." *State v. Junkin*, 123 Ariz. 288, 290 (App. 1979).

**¶9**　　　　A person commits child molestation "by intentionally or knowingly engaging in or causing a person to engage in sexual contact . . . ." A.R.S. § 13-1410(A). "'Sexual contact' means any direct or indirect touching, fondling or manipulating of any part of the genitals, . . . by any part of the body . . . ." A.R.S. § 13-1401(3). "It is a defense to a prosecution pursuant to . . . § 13-1410 that the defendant was not motivated by a sexual interest." A.R.S. § 13-1407(E).

**¶10**　　　　We conclude Anderson lacks standing to challenge § 13-1410's constitutionality.[5] "Generally only those who are injured by an unconstitutional statute may object to its constitutionality." *State v. Delk*, 153 Ariz. 70, 71 (App. 1986) (quoting *State v. Burns*, 121 Ariz. 471, 473 (App. 1979)). As we explain *infra*, any constitutional infirmities in the statute did not harm Anderson. Whether the statute may be vague as to

---

[4]　　　　Anderson first "made reference" to vagueness and overbreadth at the oral argument on October 21, 2014, addressing his motion to dismiss. He did not make substantive arguments on vagueness and overbreadth until he filed his supplemental authority/argument on October 31, 2014, which was 13 days before trial.

[5]　　　　We also agree with the State that Anderson does not properly address vagueness and overbreadth in his opening brief. Anderson merely cites to arguments he raised in superior court and incorporates them into his brief by reference. This is improper appellate practice. *See State v. Dominguez*, 236 Ariz. 226, 230, ¶ 8 (App. 2014) (noting arguments and supporting authority must be provided in the body of the opening, and incorporation by reference is forbidden).

some forms of touching, Anderson's conduct underlying Count 1, manually rubbing the minor victim's vagina, is clearly proscribed by § 13-1410. *See State v. Baldenegro*, 188 Ariz. 10, 14 (App. 1996) ("A defendant whose conduct is clearly proscribed by the core of the statute has no standing to attack the statute.").

**¶11** In terms of overbreadth, Anderson lacks standing because he does not claim his conduct - touching the victim's vagina - is potentially innocent conduct that should not be prosecuted. A person who lacks standing may, in some cases, challenge a statute criminalizing conduct for being overbroad; however, such challenges only apply to statutes that regulate conduct protected by the First Amendment. *State v. Watson*, 198 Ariz. 48, 54, ¶¶ 19-20 (App. 2000). Anderson has provided no authority, and we are aware of none, that touching a child's vagina implicates an interest protected by the First Amendment. *Id.* Consequently, Anderson also lacks standing to dispute the constitutionality of § 13-1410 on overbreadth grounds.

### 2. *Burden Shifting*

**¶12** The State has the burden of proving every element of a criminal offense beyond a reasonable doubt. *State v. Seyrafi*, 201 Ariz. 147, 150, ¶ 7 (App. 2001). "A statute that shifts the burden of persuasion on an element of an offense to a criminal defendant violates due process." *Id.* at ¶ 8.

**¶13** After Anderson filed his opening brief in this appeal, another panel of this court disagreed with *Simpson's* holding that sexual interest is an affirmative defense. *State v. Holle*, 238 Ariz. 218, ___, ¶ 11, (App. 2015). In *Holle*, the court held that sexual interest is an element of child molestation, and although § 13-1407 provides a defense to a charge of child molestation, the defense is *not* an affirmative one. *Id.* at ¶ 26. Thus, the court concluded:

> If, during a prosecution for molestation of a child or sexual abuse of a minor under fifteen, a defendant satisfies the burden of production to raise the defense listed under § 13–1407(E), then the state must prove beyond a reasonable doubt that the defendant's conduct was motivated by a sexual interest. *Id.*

**¶14** Clearly, there is a conflict between the holdings in *Simpson* and *Holle*. However, we need not resolve this conflict, because even if we

assume the trial court erred in shifting the burden of proof to Anderson, given the facts of this case, any error is harmless.

¶15     Omitting an element from a criminal jury instruction is reviewed for harmless error. *Holle*, 238 Ariz. at __, ¶¶ 30-31; *Neder v. United States*, 527 U.S. 1, 10–11, 15 (1999); *see State v. Dann*, 205 Ariz. 557, ¶ 18 (2003) (erroneous jury instructions subject to harmless-error review). Under this standard of review, the omission is harmless if no reasonable jury could find the State failed to prove the omitted element beyond a reasonable doubt. *Holle*, 238 Ariz. at __, ¶ 30; *State v. Lewis*, 236 Ariz. 336, 345-46, ¶ 38 (App. 2014).

¶16     Here, overwhelming evidence shows that Anderson was motivated by sexual interest when he touched the victim's vagina in the Jacuzzi. The victim testified that, on the day of the Jacuzzi incident, she was wearing a bikini, and Anderson said she "filled it out well[,]" causing the victim to feel "[u]ncomfortable." The record also shows the Jacuzzi incident was not an accidental touching; the victim testified that after Anderson touched and rubbed her vagina, she "got up and swam away and [Anderson] pulled [her] by [her] ankles to try to get [her] to sit back on his lap[.]"

¶17     The evidence established that Anderson touched the victim's vagina on three prior occasions, and on another occasion, demanded that she lick his private parts. *See, infra* at ¶ 23. The victim eventually disclosed the molestation incidents to her grandmother, the wife of Anderson, after watching a movie about a girl who committed suicide because her father sexually abused her. The day after the victim's disclosure, Grandmother confronted Anderson, and was "stunned by his lack of emotion, [and] matter of factness" regarding the allegations.

¶18     Grandmother testified that on another occasion, she asked Anderson if he told the victim "not to say anything" about the alleged molestations. In response, Anderson stated the victim was the one who initiated the contact when "she took his hand and ran it down in front of her," and that he told her if "she was going to do that, she couldn't tell." Finally, after Grandmother told Anderson the victim wanted an apology from him, Anderson wrote a letter to the victim stating: "Dear B., I'm sorry. <u>Please</u> forgive me. I love you, Papa[.]"

¶19     Finally, when Anderson testified at trial, he did not claim he accidentally touched the victim, or that he lacked sexual interest when he touched her. Rather, Anderson completely denied touching or rubbing

the victim's vagina; indeed, it was his position the victim lied about the incident in the Jacuzzi.

¶20      The foregoing evidence shows that Anderson knew he was engaging in sexually motivated conduct when he touched the victim in the Jacuzzi. Based on the overwhelming evidence, we conclude any error in the jury instructions was harmless. *See Harrington v. California*, 395 U.S. 250, 256 (1969) ("constitutional error in the trial of a criminal offense may be held harmless if there is 'overwhelming' untainted evidence to support the conviction."); *State v. Bible*, 175 Ariz. 549, 588 (1993) ("Error, be it constitutional or otherwise, is harmless if we can say beyond a reasonable doubt, that the error did not contribute to or affect the verdict."); *see also Holle*, 238 Ariz. at ___, ¶¶ 26-31 (affirming conviction for child molestation based on harmless error review despite legal error in instructing jury that defendant bore the burden of proving his conduct was not motivated by sexual interest).

### B.     *Denial of Motions for Mistrial*

¶21      Anderson argues the trial court erred in denying his motions for mistrial. Specifically, Anderson claims the court should have granted a mistrial when the victim testified about certain undisclosed details concerning four prior extrinsic acts.

¶22      Pursuant to Arizona Rule of Evidence ("Rule") 404(c), the State sought a pre-trial ruling allowing it to present evidence of six prior extrinsic sexual incidents involving Anderson and the victim. Rule 404(c) "permits the admission of evidence of uncharged acts to establish 'that the defendant had a character trait giving rise to an aberrant sexual propensity to commit the offense charged.'" *State v. Garcia*, 200 Ariz. 471, 475, ¶ 26 (App. 2001) (quoting Rule 404(c)).

¶23      After considering recordings and transcripts of the victim's police interviews and a signed statement prepared by Anderson, the court granted the State's motion in part, and admitted evidence regarding four prior incidents: (1) when the victim was approximately 5 years old, Anderson rubbed his hand over her underwear in her vaginal area; (2) when the victim was in 2nd or 3rd grade, Anderson demanded that she lick his private parts: (3) when the victim was approximately 11 years old, while she was lying on his bed, Anderson grabbed her by the ankles, held her by her wrists, and touched her vagina; and (4) on one occasion, Anderson played a "game" with the victim where he tied her up and touched her vagina.

¶24 In admitting these extrinsic acts, the court directed the State to limit its evidence to the specific details presented at the hearing. However, during the victim's testimony, she added additional details about three of the prior extrinsic acts. Regarding the second incident, the victim testified that Anderson wanted her to lick chocolate sauce and whipped cream off his penis. The victim also testified that during the third incident, Anderson pressed his erect penis against her vaginal area, and "it was like dry sex." As for the fourth incident, the victim testified she was wearing a T-shirt, underwear and pants when her grandmother left the house, but that when Anderson tied her up, she was wearing "less than that," i.e., indicating that Anderson had removed her pants.

¶25 When the victim testified to these additional details, Anderson moved for a mistrial, or alternatively to strike the testimony on the grounds of lack of disclosure and violation of the court's order. Each time, the court ordered the testimony stricken, admonished the jury to disregard the stricken testimony, and denied Anderson's requests for a mistrial.

¶26 A declaration of mistrial is "the most dramatic remedy for trial error and should be granted only when it appears that justice will be thwarted unless the jury is discharged and a new trial granted." *State v. Dann*, 205 Ariz. 557, 570, ¶ 43 (2003) (citation omitted). We review a trial court's denial of a motion for mistrial for abuse of discretion and reverse only where there is a "'reasonable probability' that the verdict would have been different had the [error not occurred]." *State v. Hoskins*, 199 Ariz. 127, 142–43, ¶ 57 (2000) (citation omitted).

¶27 A mistrial is not required every time a witness unexpectedly volunteers an inadmissible statement. *State v. Adamson*, 136 Ariz. 250, 262 (1983). Instead, the remedy rests within the sound discretion of the trial court, which must evaluate the situation and decide an appropriate course of action in light of the specific facts and circumstances presented. *Id*. We give deference to the trial court's ruling because it is in the best position to evaluate "the atmosphere of the trial, the manner in which the objectionable statements were made, and the possible effect it had on the jury and the trial." *Bible*, 175 Ariz. at 598 (citation omitted).

¶28 We find no abuse of discretion. The evidence, as noted above, overwhelmingly supports the guilty verdict. Thus, the victim's testimony about the additional details of the extrinsic acts did not reasonably affect the verdict.

¶29       Additionally, each time Anderson challenged the victim's testimony, the court ordered the testimony stricken and instructed the jury not to consider the statements.  Moreover, the jurors demonstrated the stricken testimony had no inflammatory effect on their deliberations by acquitting Anderson of Count 2, and also finding the State did not prove the aggravating circumstance of emotional harm to the victim. *See United States v. Miller*, 116 F.3d 641, 683 (2nd Cir. 1997) ("An acquittal by the jury on some counts may be evidence that the trial was not unfair.").

## CONCLUSION

¶30       For the foregoing reasons, Anderson's conviction and sentence are affirmed.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama