NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JOSE RAUL RAMOS-RAMIREZ, *Appellant*.

No. 1 CA-CR 16-0607
FILED 8-31-2017

Appeal from the Superior Court in Mohave County
No. S8015CR201500790
The Honorable Steven F. Conn, Judge (Retired)

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Mohave County Legal Advocate's Office, Kingman
By Jill L. Evans
*Counsel for Appellant*

_____

## MEMORANDUM DECISION

Presiding Judge James P. Beene delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Peter B. Swann joined.

_____

**B E E N E**, Judge:

**¶1**        Jose Raul Ramos-Ramirez ("Ramos-Ramirez") appeals his conviction and sentence for molestation of a child under the age of 15, a class 2 felony and dangerous crime against children.  For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**        The victim, an 11-year-old girl, testified that Ramos-Ramirez touched her vagina on top of her swim suit after telling her she needed to shave her private parts, and then told her not to tell her mother what happened.  Ramos-Ramirez denied he was motivated by sexual interest.

**¶3**        The jury convicted Ramos-Ramirez of the charged offense, and found as an aggravating circumstance emotional harm to the victim. The court sentenced Ramos-Ramirez to a mitigated term of 11 years in prison.   Ramos-Ramirez filed a timely notice of appeal.   We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12–120.21(A)(1), 13–4031, and –4033(A)(1) (2017).[1]

## DISCUSSION

**¶4**        Ramos-Ramirez argues the evidence presented did not establish that he had a sexual motivation for touching the 11-year-old victim's vagina on top of her swim suit, as necessary for the conviction. We review *de novo* the sufficiency of the evidence to support a conviction and consider both direct and circumstantial evidence to determine if substantial evidence exists to support the jury verdict. *State v. West*, 226 Ariz. 559, 562, ¶¶ 15-16 (2011).

_____

[1]        Absent material revision after the date of an alleged offense, we cite a statute's current version.

**¶5**        Substantial evidence is evidence that reasonable persons could accept as adequate and sufficient to support a conclusion of the defendant's guilt beyond a reasonable doubt. *State v. Stroud*, 209 Ariz. 410, 411-12, ¶ 6 (2005). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Cox*, 217 Ariz. 353, 357, ¶ 22 (2007) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

**¶6**        The superior court instructed the jury without objection in accordance with *State v. Holle*, 238 Ariz. 218 (App. 2015), that if evidence was presented that the defendant was not motivated by a sexual interest, the state must prove beyond a reasonable doubt the defendant's conduct was motivated by sexual interest. *See Holle*, 238 Ariz. at 226, ¶ 26. Two months after trial, however, the Arizona Supreme Court vacated the court of appeals decision in *Holle*, and held that lack of sexual motivation was an affirmative defense the defendant must prove by a preponderance of the evidence. *State v. Holle*, 240 Ariz. 300, 311, ¶ 50 (2016), *cert denied by Holle v. Arizona*, 137 S. Ct. 1446 (Apr. 03, 2017).

**¶7**        Here, the evidence was more than sufficient to support the conviction under either standard. The evidence at trial, viewed in the light most favorable to sustaining the conviction, demonstrated that Ramos-Ramirez stopped a jet ski he was piloting on the Colorado River near Bullhead City with the 11-year-old victim on the back, ostensibly to remove a rock stuck in it. For about one minute before he got back on the jet ski, he stared at the girl's private parts, making her uncomfortable. After he got back on, he told her she needed to start shaving her private parts. The 11-year-old girl testified she did not have any hair sticking out of her bathing suit, and she told him "those are my hairs from my legs." She testified that he reached his hand back and "swiped" her vagina over her swim suit, touching it for several seconds. She hit his hand to make it go back in front. A minute or two later, he told her not to tell her mother what happened. Based on these facts, there was sufficient evidence to establish that Ramos-Ramirez was motivated by sexual interest.

**¶8**        Although Ramos-Ramirez denied at trial that he had been sexually motivated, his remarks immediately after the incident could reasonably give rise to a contrary inference. When the victim returned to the beach, her mother pressed her to explain what was wrong, and she told her mother what had happened. When the girl's parents confronted

Ramos-Ramirez, he admitted he touched her and said, "Maybe the devil make [me] do that," and "Forgive me." He told a police officer who arrived at the scene in response to a 9-1-1 call that he tapped the victim's vagina over her bathing suit twice. He said that God will help him overcome "this big mistake." Ramos-Ramirez said he was not sure if it was "an impulse or what," but he said it was "a huge mistake." Later, in a recorded interview at the police station, the first thing he said was, "Honestly, I'm very regretful for what I've done." Asked what he was thinking at the time, he said, "I don't know." Notwithstanding Ramos-Ramirez's testimony, a reasonable jury could have concluded that he had failed to show by a preponderance of the evidence that he was not motivated by a sexual interest.

¶9        Ramos-Ramirez also argues the court erred in failing to give a lesser-included offense instruction on attempted child molestation. He did not request the instruction at trial.

¶10        As an initial matter, it is the "general rule" that it is not error for the trial court to fail to instruct on a lesser included offense if not requested. *State v. Vanderlinden*, 111 Ariz. 378, 379 (1975). This is because a defendant may, as a matter of strategy, seek a complete acquittal instead of an instruction and possible conviction on a lesser-included offense, or "remain mute" in anticipation of urging reversal on this basis. *See id.* at 379-80; *see also State v. Gipson*, 229 Ariz. 484, 487, ¶ 15 (2012) ("In general the trial judge should withhold charging on lesser included offense[s] unless one of the parties requests it, since that charge is not inevitably required in our trials, but is an issue best resolved, in our adversary system, by permitting counsel to decide on tactics.") (citations omitted).

¶11        Even if the court had a duty to *sua sponte* instruct on a lesser-included offense, the court did not err, much less fundamentally err to the prejudice of Ramos-Ramirez, in failing to instruct on attempted child molestation. A court is required to instruct and provide verdict forms only on "necessarily included" offenses. *See State v. Wall*, 212 Ariz. 1, 3, ¶¶ 13-14 (2006); Ariz. R. Crim. P. 23.3 ("Forms of verdict shall be submitted to the jury for all offenses necessarily included in the offense charged, an attempt to commit the offense charged or an offense necessarily included herein, if such attempt is an offense."). "An offense is necessarily included when it is lesser included and the facts of the case as presented at trial are such that a jury could reasonably find that only the elements of a lesser offense have been proved." *Gipson*, 229 Ariz. at 486, ¶ 14, n. 2 (internal quotation marks and citation omitted). "To determine whether there is sufficient evidence to require the giving of a lesser included offense instruction, the test is

whether the jury could rationally fail to find the distinguishing element of the greater offense." *State v. Jackson*, 186 Ariz. 20, 27 (1996) (internal quotation marks and citations omitted).

¶12 In this case, the evidence was not such that a jury could reasonably find that Ramos-Ramirez had committed attempted child molestation. To commit the offense of attempt, a person must intentionally take "any step in a course of conduct planned to culminate in commission of an offense[.]" A.R.S. § 13-1001(A)(2). Ramos-Ramirez admitted to police that he had touched the victim's vagina over her bathing suit, backtracking only on cross-examination by denying he touched the victim's "vagina, that is in the lower part. I never touched there. I touched higher than that." This testimony did not justify an instruction for attempted child molestation, because Ramos-Ramirez did not claim he intended to touch the victim's vagina, but failed. Rather, he claimed a complete absence of sexual motivation in touching the victim. If the jurors believed that he actually touched the victim "higher than" her vaginal area, they would be compelled to find him not guilty of the charged offense. On this record, a reasonable jury could not have concluded that Ramos-Ramirez committed only attempted child molestation.

¶13 Moreover, even if failure to give an instruction on a lesser included offense in the absence of a request by one of the parties might be viewed as error, it is fundamental error only when the failure interferes with defendant's ability to conduct the defense. *See State v. Whittle*, 156 Ariz. 405, 407 (1988) (holding that judge's failure to instruct on other possible lesser-included offenses of first-degree murder could not be considered fundamental error). The absence of an attempted child molestation instruction could not have interfered with the defense in this case, because the defense was based solely on the absence of sexual motivation. Defense counsel conceded during closing argument that Ramos-Ramirez touched the 11-year-old victim "in the area of her genitals," and disputed only that he was motivated in doing so by a sexual interest. The failure of the court to *sua sponte* instruct on attempted child molestation accordingly was not fundamental error, and could not have prejudiced Ramos-Ramirez.

## CONCLUSION

¶14     For the foregoing reasons, we affirm Ramos-Ramirez's conviction and sentence.



AMY M. WOOD • Clerk of the Court
FILED:   AA